UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ANZETTA SMITH**<br>        **LA. DOC #107876**<br>**VS.** | **CIVIL ACTION NO. 5:12-cv-3000**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **LaSALLE MGMT. CO., ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Anzetta Smith, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 28, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC).  When he filed his complaint he was incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro, Louisiana and he complained about conditions of confinement at JPCC as well as the Claiborne Detention Center (CDC). On December 20, 2012, he notified the Court of his transfer to the Bossier Medium Security Center, Plain Dealing, Louisiana. Plaintiff has sued the LaSalle Management Co., CDC Warden Johnny Sumlin, CDC Captain Alicia Lewis, CDC Lt. Thompson, and JPCC Warden Billy Tigner and Nurse Freeman. He seeks compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate committed to the custody of the LDOC.  During some unspecified

period of time he was housed at CDC and then later transferred to JPCC. One or both of these prisons is apparently managed by the LaSalle Management Co. He provides a litany of complaints concerning events or conditions that occurred at one or both prisons, which can be summarized as follows:

    1. The defendants, on some unspecified date, failed to arraign him within 72 hours of some unspecified event;

    2. Under Louisiana law he is entitled to participate in educational or vocational self-improvement programs, but that right is being denied by the defendants;

    3. Plaintiff was committed to the custody of the LDOC by the sentencing court; however, the defendants have violated LDOC policy concerning outdoor recreation and grooming;

    4. One or both facilities dos not have an EKG machine, diabetic food, or 24 hour medical staff;

    5. The defendants do not serve fish, pork, cork [sic], fruits, or chicken and food is sold to the inmates;

    6. Notwithstanding the LDOC's practice of providing inmates with free gift bags at Christmas, the defendants sell the gift bags to the inmates for profit;

    7. The defendants use "unnecessary force upon inmates" by spraying mace "without life threatening reasons;"

    8. The defendants do not allow inmates to use the rest room while on recreation break;

    9. Unlike the LDOC, the defendants charge inmates daily for their medication and overcharge them for the medication;

    10. The defendants denied him special visitation according to LDOC policy;

11. The defendants feel his wife's breasts and make sexual advances towards her;

12. Plaintiff has heart stent implants, however, the defendants do not offer an EKG machine nor a diabetic or high blood pressure diet;

13. Warden Tigner will not assign plaintiff to protective custody notwithstanding that plaintiff fears that his life is threatened by an unnamed inmate at JPCC;

Plaintiff prays for money damages from each defendant and an order directing the defendants to refrain from retaliating against him.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.")

*2. Conditions of Confinement and Medical Care*

Plaintiff complains about a number of conditions of confinement that he has experienced during the unspecified period he was incarcerated at the CCC and JPCC. Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "<u>so serious as to deprive prisoners of the minimal measure of life's necessities,</u>" as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with <u>deliberate indifference to the prisoner's conditions of confinement</u>. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that

only the <u>unnecessary and wanton infliction of pain</u> implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

Plaintiff's complaints about the conditions of confinement allege no serious deprivations. To rise to the level of a constitutional violation, the conditions must be " '*so serious as to deprive [plaintiff] of the minimal measure of life's necessities...* '"*Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). Thus, in order to prevail on such a claim, the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. See *Siglar v. Hightower*, 112 F.3 191, 193-94 (5th Cir.1997); *Alexander v. Tippah County, Miss*, 351 F.3d at 630-31; *Luong v. Halt*, 979 F.Supp. 481, 486 (N .D.Tex.1997). Plaintiff has alleged no more than discomfort and inconvenience and with respect to his conditions of confinement claims – he has not alleged any injury resulting from the complained of conditions.

Further, even if plaintiff were able to demonstrate some physical harm beyond *de minimis* inconvenience, his claim would still be subject to dismissal because he has not shown that any of the named defendants were deliberately indifferent to his plight.

He also implies that his medical conditions are not being addressed. Medical care claims also arise under the Eighth Amendment and like the conditions of confinement claim, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings.

Furthermore, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed, and that they drew that</u>

inference. *Id.* at 837.

Finally, while plaintiff implies that he suffers from coronary artery disease, diabetes, and high blood pressure, he has not alleged that any act or omission on the part of any of the defendants have exacerbated those conditions.

In short, plaintiff's failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint as frivolous and for failing to state a claim for which relief may be granted.

### 3. Custody Arrangment

Plaintiff also implies that since he was committed to the custody of the LDOC, he should be housed in an LDOC facility. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions

that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). rt to order his transfer to another facility.

*4. Educational and Vocational Programs*

Plaintiff contends that he is entitled to participate in educational and vocational programs during the period of his incarceration. Plaintiff mistakenly assumes that he has a Constitutional right to participate in such rehabilitation programs.  Inmates do not a have a protected property or liberty interest in rehabilitation programs. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Nor do prisoners have a constitutional right to participate in drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections).  The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988).  Nor do prisoners have a constitutional right to "social services."

*Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Thus, plaintiff's complaint, insofar as it asserts the existence of a constitutional right to rehabilitation programs, fails to state a claim for which relief may be granted.

### 5. Force

Plaintiff complains in general terms about the prisons' policy concerning the use of mace in non life threatening circumstances. Plaintiff has not alleged that he was at any time the victim of excessive force. In any event, in order to establish a compensable claim for excessive force in this context, a plaintiff must demonstrate (1) injury; (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *See Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2012), quoting *Tarver v. City of Edna*, 410 F.3d 745, 751(5th Cir.2005). Plaintiff, having alleged no injury, has failed to state a claim for which relief may be granted.

### 6. Standing

To the extent that plaintiff seeks redress for the use of excessive force against his fellow inmates and not himself, his claim fares no better. Likewise, his claims concerning his wife, while troubling if true, are not compensable in this action.

Plaintiff has invoked the jurisdiction of this court and seeks redress pursuant to 42 U.S.C. §1983. That statute creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir.2002), *cert. denied*, 539 U.S. 914, 123 S.Ct. 2274, 156 L.Ed.2d 130 (2003).

The jurisdiction of a federal court may be invoked when a plaintiff has suffered some

threatened or actual injury as a result of an allegedly unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Therefore, in order to have "standing" to bring a claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (*en banc*), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992)." Plaintiff complained about the administration of a chemical agents on others and about the sexual harassment of his spouse, however he has not alleged that **HE** suffered any injury or harm as a result of the complained of incidents. Since plaintiff sustained no identifiable injury as a result of the incidents he lacks standing to sue under §1983 and his claims must be dismissed.

*7. Miscellaneous Claims*

Petitioner complains about the lack of out door recreation, the denial of restroom facilities during recreation, the denial of free gift bags to inmates at Christmas, the denial of special visitation, the failure to arraign him timely, overcharging for medicine, and the failure to provide protective custody.

Prisoners have no absolute constitutional right to outdoor recreation, so long as some

form of exercise is permitted, or the conditions of confinement, when viewed as a whole, are not violative of the Eighth Amendment. *See Callicutt v. Panola County Jail*, 200 F.3d 816 (5th Cir. 1999)(unpublished), citing, *Jones v. Diamond*, 594 F.2d 997, 1012-13 (5th Cir.1979).

Plaintiff's claim concerning the failure to arraign him within 72 hours of some unspecified event is incomprehensible. Arraignment in the context of a criminal prosecution is a function of the prosecuting authority. None of the named defendants are prosecutors and therefore his claim is frivolous.

Plaintiff's claim concerning the threat perceived from another inmate has been cured by plaintiff's transfer to his present place of confinement.

As to the remaining claims, indeed, as to **ALL** of the claims raised herein, plaintiff has alleged no physical injury. It must therefore be assumed that any injury sustained by plaintiff was in the nature of mental distress or anxiety. Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)

Since he has alleged no physical injury resulting from the actions of the defendants, his claim for monetary damages as compensation for mental distress is legally without merit and subject to dismissal as frivolous.

*Recommendation and Order*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 30, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE